RAÚL R. LABRADOR
ATTORNEY GENERAL

JAMES E. M. CRAIG, ISB #6365
Chief, Civil Litigation and
Constitutional Defense

AARON M. GREEN, ISB #12397
GREGORY E. WOODARD, ISB #11329
Deputy Attorneys General
Office of the Attorney General
P. O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8073
aaron.green@ag.idaho.gov
greg.woodard@ag.idaho.gov

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STATE OF IDAHO, and ALEX ADAMS, in his official capacity as Director of the Idaho Department of Health and Welfare. <br><br> *Plaintiffs,* <br> v. <br><br> UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, <br><br> *Defendant.* | Case No. 1:24-cv-447 <br><br> **VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF** |

VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF — 1

For their verified complaint against Defendant, Plaintiffs allege as follows:

## INTRODUCTION

1. Plaintiffs bring this action seeking an order requiring the United States Department of Health and Human Services ("the Department") to respond and produce records in response to two Freedom of Information Act ("FOIA") requests.

2. Plaintiffs bring this action because the Department has failed to timely respond to Plaintiffs' FOIA requests and has therefore improperly withheld records in violation of FOIA.

## PARTIES

3. Plaintiff, the State of Idaho, is a person and requestor for the purposes of 5 U.S.C. § 551(2) and 45 C.F.R. § 5.21.

4. Plaintiff Alex Adams ("Director Adams"), a requestor under FOIA, brings this action in his official capacity as Director of the Idaho Department of Health and Welfare.

5. Defendant is the United States Department of Health and Human Services, a federal agency under FOIA. 5 U.S.C. § 551(1).

## JURISDICTION AND VENUE

6. The District of Idaho has federal question jurisdiction over claims under FOIA pursuant to 5 U.S.C. § 552(a)(4)(B).

7. Venue is appropriate in the District of Idaho as the abode and general place of business of both the State of Idaho and Director Adams is within the District of Idaho. 5 U.S.C. § 552(a)(4)(B).

**FACTS**

<u>First FOIA Request</u>

8. On June 17, 2024, the State of Idaho sent a FOIA request to the Department (the "First Request"). This request is attached to the Complaint as Exhibit 1. The email chain submitting the request is attached to the Complaint as Exhibit 2.

9. On August 20, 2024, the Office of the Attorney General requested the Status of the First Request.

10. The Department responded on August 21, 2024, stating that the Department had not received the First Request.

11. The State then resubmitted the First Request.

12. The next day the Department confirmed receipt of the First Request as of August 21, 2024. This email chain is attached to the Complaint as Exhibit 3.

13. The documents requested in the First Request were records under FOIA. *See* Exhibit 1; *see also* 45 C.F.R. § 5.3 ("Record").

14. The Department had 20 workdays to respond to the First Request, which was submitted on June 17, 2024. The last day for the Department to respond was July 17, 2024.

15. Even presuming that the time to respond was triggered with the confirmation that the request was received on August 21, 2024, the last day for the Department to respond was September 19, 2024.

16. The Department has not responded to the First Request.

17. The FOIA portal shows, as of the time of filing, that the request is still "In Process." A screenshot of the portal taken immediately before filing is attached to this Complaint as Exhibit 4.

18. By failing to make a determination pursuant to 45 C.F.R. § 5.28, the Department did not respond pursuant to its FOIA obligations within 20 workdays of acknowledging receipt of a FOIA request.

19. By failing to timely respond to the First Request, the Department has improperly withheld records under FOIA. *See Or. Nat. Desert Assoc. v. Gutierrez*, 409 F.Supp.2d 1237, 1247–48 (D. Or. 2006).

20. Because the Department failed to timely respond to the First Request under FOIA, Plaintiff is deemed to have constructively exhausted all administrative remedies. *Corbett v. Transp. Sec. Admin.*, ___ F.4th ___, No. 23-55713, 2024 WL 4128829 at *4–6 (9th Cir. 2024) (discussing 5 U.S.C. § 552(a)(6)(C)(i)).

Second FOIA Request

21. On June 20, 2024, the Defendants in *M.H. et. al. v. Adams et. al.*, No. 1:22-cv-409-REP (D. Idaho), including Director Adams in his official capacity, issued a subpoena duces tecum to the United States Department of Health and Human services, which was served on June 27, 2024. This subpoena is attached to this Complaint as Exhibit 5 (the "Second Request").

22. On July 10, 2024, a Department representative from the Office of General Counsel objected on behalf of the Department under Rule 45, Federal Rule of Civil Procedure, to the subpoena on the basis that it was not legally sufficient under

VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF — 4

*U.S. ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951) and raising other Rule 45 objections in the letter (the "Touhy letter"). The letter is attached to this Complaint as Exhibit 6.

23. Pursuant to 45 C.F.R. § 2.5(b), "[i]f a subpoena duces tecum served upon a [Department] employee or former employee commanding the production of any record is determined by the Office of the General Counsel to be legally insufficient . . . such subpoena shall be deemed a request for records under [FOIA] and shall be handled pursuant to the rules governing public disclosure established in 45 CFR part 5."

24. Pursuant to 45 C.F.R. § 5.28, a response to a FOIA request from the Department contains, among other things, a "release determination including whether any responsive records were located, how much responsive material was located, whether the records are being released in full or withheld in full or in part, any fees you must pay for processing of the request, and your right to seek assistance from the appropriate FOIA Public Liaison." 45 C.F.R. § 5.28(a).

25. The Touhy letter did not indicate that it was a response under FOIA or indicate that it was a request for additional time under extraordinary circumstances under FOIA.

26. The Touhy letter did not indicate whether any responsive records were located, how much responsive material was located, whether the records are being released in full or withheld in full or in part, any fees Director Adams must pay for

processing of the request, and Director Adams's right to seek assistance from the appropriate FOIA Public Liaison.

27. The Touhy letter did not explain which, if any, of the FOIA exemptions applied to any of the requested material. *See* 45 C.F.R. § 5.28(b).

28. The Touhy letter did not indicate that records withheld in part would be made available to the extent that exempt material was reasonably segregable. *See* 45 C.F.R. § 5.28(c).

29. The Touhy letter did not give any notice of the right to file an administrative appeal pursuant to 5 U.S.C. § 552(a)(6)(A)(i) or the right to seek judicial review at the conclusion of an administrative appeal process.

30. In fact, the Department has not responded in any way to the Second Request since sending the Touhy letter.

31. The Department has therefore failed to make a determination under FOIA. *See C.R.E.W. v. F.E.C.*, 711 F.3d 180, 186–88 (D.C. Cir. 2013).

32. The documents requested in the Second Request were records under FOIA. *See* Exhibit 3; *see also* 45 C.F.R. § 5.3 ("Record").

33. By failing to make a determination pursuant to 45 C.F.R. § 5.28, the Department did not respond pursuant to its FOIA obligations within 20 workdays of receiving what, by its own regulations, was deemed a FOIA request at the time of the General Counsel's determination.

34. By failing to timely respond to the Second Request, the Department has improperly withheld records under FOIA. *See Or. Nat. Desert Assoc.*, 409 F.Supp.2d at 1247–48.

35. Because the Department failed to timely respond to the Second Request under FOIA, Plaintiff is deemed to have constructively exhausted all administrative remedies. *Corbett v. Transp. Sec. Admin.*, ___ F.4th ___, No. 23-55713, 2024 WL 4128829 at *4–6 (9th Cir. 2024) (discussing 5 U.S.C. § 552(a)(6)(C)(i)).

## COUNT I (FIRST REQUEST)

36. Plaintiffs incorporate the foregoing paragraphs as if fully set forth herein.

37. The Department has failed to respond to the First Request within the statutory time limit of 20 workdays and has not requested an additional 10 workdays for unusual circumstances.

38. The Department has therefore failed to meet its obligations under FOIA and has thereby improperly withheld records.

39. A requestor under FOIA is entitled to bring an action to force agency compliance under 5 U.S.C. § 552(a)(4)(B) when the agency improperly withholds records.

40. Therefore, the State of Idaho prays that the Court enjoin the Department pursuant to 5 U.S.C. § 552(a)(4)(B) to produce those records wrongfully withheld under the First Request.

## COUNT II (SECOND REQUEST)

41. Plaintiffs incorporate the foregoing paragraphs as if fully set forth herein.

42. Director Adams is a requestor as the subpoena issued in *M.H. et al. v. Adams*, was converted to a FOIA request following the Touhy letter under 45 C.F.R. 2.5(b).

43. The Department has failed to respond to the Second Request within the statutory time limit of 20 workdays and has not requested an additional 10 workdays for unusual circumstances.

44. The Department has therefore failed to meet its obligations under FOIA and has thereby improperly withheld records.

45. Therefore, Director Adams prays that the Court enjoin the Department pursuant to 5 U.S.C. § 552(a)(4)(B) to produce those records wrongfully withheld under the Second Request.

## CLAIM FOR RELIEF

Wherefore, Plaintiffs pray for the following relief:

A. A judgment or order by the court enjoining the Department to produce all non-exempt responsive records requested pursuant to the First Request and Second Request by a date certain.

B. An award of attorney fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E)(i).

C. All other such relief that the Court determines to be necessary and just.

DATED: September 24, 2024.

        STATE OF IDAHO
        OFFICE OF THE ATTORNEY GENERAL


    By:   /s/ *Aaron M. Green*
          AARON M. GREEN
          Deputy Attorney General

## VERIFICATION

I, Alex J. Adams, being first duly sworn upon oath, depose and state upon personal knowledge as follows:

That I am a Plaintiff in the foregoing VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF, and that I have read this COMPLAINT and believe the facts stated therein are true based upon my own information and belief.

I certify (or declare) under penalty of perjury that the foregoing is true and correct.

Dated: 9/24/2024

By: /s/ *Alex J. Adams*
ALEX J. ADAMS

## VERIFICATION

I, James E. M. Craig, being first duly sworn upon oath, depose and state upon personal knowledge as follows:

That I am an attorney for the Plaintiff State of Idaho in the foregoing VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF, and that I have read this COMPLAINT and believe the facts stated therein are true based upon my own information and belief.

I certify (or declare) under penalty of perjury that the foregoing is true and correct.

Dated: 9/24/2024

By: /s/ [signature]
JAMES E. M. CRAIG